### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

_____
                                                :
VINCENT ZECKMAN,                                :
                                                :
                      Plaintiff,                :
         v.                                     :      Civil Action No. 08-4420 (JAP)
                                                :
BUSH INDUSTRIES, INC.                           :      **OPINION**
                                                :
                                                :
                      Defendant.                :
_____:

        This action arises from the termination of Plaintiff Vincent Zeckman's employment as

Vice President of Commercial Sales with  Defendant Bush Industries, Inc. ("Bush"), a

computer furniture manufacturer.  Before the Court is a motion by Bush to dismiss the

complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c).  Defendant argues

that Plaintiff's complaint fails to state a claim upon which relief can be granted.

        According to the complaint, in the fall of 2007 Zeckman was seeking employment and

"was put in touch" with persons at Bush.  (Compl. ¶ 4.)  After extensive interviews, Zeckman

was offered a position with the company and signed an "offer sheet" to that effect.  (*Id.* ¶ 5.)

He began his employment with Bush on February 4, 2008; however, one week later,

Zeckman's employment with Bush was terminated.  (*Id.* ¶ 13-15).  Zeckman claims that he

was terminated as a result of false, negative statements about him that were allegedly made to

executives at Bush by an executive at one of Bush's large customers.  (*Id.* ¶ 15).

Plaintiff's complaint contains two counts.  In the first, Plaintiff alleges that he relied upon Bush's offer of employment to his detriment because he allegedly turned down another job offer to accept the offer from Bush.  He seeks damages under the theories of promissory and equitable estoppel.  The second count, seeking damages for libel and slander, alleges Bush put defamatory statements in Plaintiff's personnel file.

A.  Promissory/Equitable Estoppel

Zeckman accepted the terms of Bush's offer of employment pursuant to an employment letter (the "Agreement") executed by Zeckman on January 30, 2008.  (Compl. ¶ 5; Certification of Adam J. Kleinfeldt ("AK Cert.") Ex. A.)  This letter contained a choice-of-law clause that provided that"[t]his Agreement is made pursuant to and should be construed and enforced in accordance with the laws of New York" (*Id.*, Ex. A at 2), the state in which Bush is located (Id. ¶ 2).  Consequently, Defendant asserts that New York law should apply to Plaintiff's estoppel claims, as the claims derive from the offer of employment embodied in the letter.

Plaintiff, on the other hand, urges the Court to apply New Jersey law and reject this choice-of-law provision in the Agreement as contrary to the public policy of New Jersey. "Under New Jersey law, a choice of law provision will not be honored if the state chosen has no substantial relationship to the transaction or the parties, or application of the law chosen would conflict with a fundamental public policy of a state having a greater interest in a determination of a particular issue." *Stanton v. Rich Baker Berman & Co., P.A.*, 876 F.Supp. 1373, 1381 -1382 (D.N.J. 1995); *see also General Motors Corp. v. New A.C. Chevrolet, Inc.*,

263 F.3d 296, 331 n.21 (3d Cir. 2001) (New Jersey courts give "effect to parties' private choice of law clauses unless they conflict with New Jersey public policy.") (citing *Instructional Sys., Inc. v. Computer Curriculum Corp.*, 130 N.J. 324 (1992)).  Assuming, *arguendo*, that the appropriate analysis would find New Jersey to be the state with the greater interest in this dispute, Plaintiff here points to no public policy of New Jersey that, under the facts alleged in this case, would be violated by application of the Agreement's choice-of-law clause.  The Court, therefore, shall apply New York law pursuant to the choice-of-law clause in the agreement.

Under New York law, Plaintiff's promissory estoppel claim is not cognizable. *Shapira v. Charles Schwab & Co., Inc.*, 225 F. Supp. 2d 414, 419 (S.D.N.Y. 2002) ("New York does not apply the doctrine of promissory estoppel in the employment context."). Consequently, this claim is dismissed.  To the extent that Plaintiff contends he has asserted a claim under the doctrine of equitable estoppel, it is similarly dismissed as duplicative of Plaintiff's promissory estoppel claim.

B.  Libel/Slander[1]

To succeed on a claim of defamation, a plaintiff must show "(1) that Defendant made a defamatory statement of fact; (2) concerning the Plaintiff; (3) which was false; (4) which was communicated to persons other than the Plaintiff; and (5) fault."  *Buying For The Home, LLC v. Humble Abode, LLC*, 459 F. Supp. 2d 310, 325 (D.N.J. 2006) (quoting *Mayflower*

---

[1]The Court notes that Plaintiff has not offered any argument in opposition to Defendants' motion to dismiss this claim.

3

*Transit, L.L.C. v. Prince*, 314 F. Supp. 2d 362, 372 (D.N.J.2004).[2]  Plaintiff simply has not

pled facts that, if taken as true, would establish the necessary elements for this claim.  For

example, the complaint fails to identify any defamatory statement of fact published by anyone

at Bush.  Plaintiff's defamation claim, therefore, is dismissed.

     For the reasons above, Plaintiff's complaint is dismissed under Rule 12(b)(6) for

failure to state a claim upon which relief can be granted.  An appropriate Order accompanies

this Opinion.

         /s/ JOEL A. PISANO
         United States District Judge

Dated: June 23, 2009

---

[2]The Court finds New York and New Jersey law to be essentially the same on this issue.